IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **JACOB BEHOUNEK, Individually and on Behalf of All Others Similarly Situated** | | **PLAINTIFF** |
| vs. | No. 1:22-cv-2341 | |
| **WHO'Z THE BOSS MUSIC, INC., and DAVID A. HERRERO** | | **DEFENDANTS** |

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

Plaintiff Jacob Behounek ("Plaintiff) by and through his attorneys Colby Qualls and Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action ("Complaint") against Who'z The Boss Music, Inc., and David A. Herrero (collectively "Defendant" or "Defendants"), states and alleges as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), the minimum wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"), the minimum wage provisions of the Chicago Minimum Wage and Paid Sick Leave Ordinance, § 1-24-010, *et seq.* ("Chicago Wage Ordinance"), and the payment provisions of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA").

2. Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendants' policy and

practice of failing to pay Plaintiff and others similarly situated sufficient wages under the FLSA and the IMWL within the applicable statutory limitations period.

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendants have willfully and intentionally committed violations of the FLSA and the IMWL as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges IMWL, Chicago Wage Ordinance, and IWPCA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Defendants conduct business within the State of Illinois.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Illinois has personal jurisdiction over Defendants, and Defendants therefore "reside" in Illinois.

8. The acts complained of herein were committed and had their principal effect against Plaintiff within the Eastern Division of the Northern District of Illinois. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

9. Plaintiff is an individual and resident of Cook County.

10. Separate Defendant Who'z The Boss Music, Inc. ("WBM"), is a domestic corporation.

11. WBM's registered agent for service of process is Ilya Zlatkin, at 4245 North Knox Avenue, Chicago, Illinois 60641.

12. Separate Defendant David A. Herrero ("Herrero") is an individual and resident of Illinois.

13. Defendants maintain a website at https://whozthebossmusic.com/.

## IV.     FACTUAL ALLEGATIONS

14. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

15. Herrero is a principal, director, officer, and/or owner of WBM.

16. Herrero took an active role in operating WBM and in its management.

17. Herrero, in his role as an operating employer of WBM, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined his work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

18. Herrero, at relevant times, exercised supervisory authority over Plaintiff in relation to his work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed

19. During the relevant time, Defendants had at least two employees who engaged in interstate commerce or business transactions, or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce.

20. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint.

21. Defendants were, at all times relevant hereto, Plaintiff's employer and are and have been engaged in interstate commerce as that term is defined under the FLSA and the IMWL.

22. Plaintiff was employed by Defendants within the three years preceding the filing of this lawsuit.

23. Specifically, Plaintiff worked for Defendants as an Unpaid Intern from May of 2021 until February of 2022.

24. Plaintiff's primary duties were to catalog music, as well as editing Defendant's website, updating Defendant's files and communicating with musicians.

25. Plaintiff worked remotely and regularly used the instrumentalities of interstate commerce, such as the internet, in carrying out his duties.

26. Defendants classified Plaintiff as exempt from the provisions of the FLSA.

27. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

28. Defendants also employed other Unpaid Interns within the three years preceding the filing of this lawsuit.

29. At all relevant times herein, Defendants directly hired Plaintiff and other Unpaid Interns to work on its behalf, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records

regarding their employment.

30. Defendants did not pay Plaintiff an hourly or salary rate.

31. Defendant did not pay other Interns an hourly or salary rate.

32. Plaintiff regularly worked hours for which he was not paid.

33. Because Plaintiff worked remotely, he logged into Defendant's server to complete work.

34. Because Plaintiff and other Unpaid Interns were required to work hours which went uncompensated, Defendants failed to pay Plaintiff and other Unpaid Interns a proper minimum wage for all hours worked.

35. Because Plaintiff earned no compensation for any of the work he performed, he incurred damages in each week that he performed work for Defendant.

36. Plaintiff was hired to work for Defendants for a continuous and ongoing period of time.

37. The work Plaintiff performed did not include integrated coursework from an education institution.

38. The duties of Plaintiff and other Unpaid Interns did not provide them with beneficial learning or provide significant education benefits to them.

39. The work Plaintiff and other Unpaid Interns performed displaced the work of paid employees.

40. Defendant assigned Plaintiff and other Unpaid projects to complete and regularly discussed their hours worked with them.

41. Defendants knew or should have known that Plaintiff and other Unpaid Interns worked hours for which they were not compensated.

42. At all relevant times herein, Defendants have deprived Plaintiff and other Unpaid Interns of regular wages for all hours worked.

43. Plaintiff and other Unpaid Interns are entitled to wages and compensation based on the standard minimum wage for all hours worked.

44. Defendants knew or showed reckless disregard for whether its actions violated the FLSA, the IMWL, the Chicago Wage Ordinance and the IWPCA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

45. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

46. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated who were, are, or will be paid wages by Defendant within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. Minimum wages for all hours worked;

   B. Liquidated damages; and

   C. Attorneys' fees and costs.

47. Plaintiffs propose the following collective under the FLSA:

**All Unpaid Interns within the past three years.**

48. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

49. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward

through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50. The members of the proposed FLSA collective are similarly situated in that they share these traits:

    A. They were classified by Defendant as Interns; and

    B. They were not paid any compensation.

51. Plaintiff is unable to state the exact number of the collective but believes that the collective exceeds 20 persons.

52. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

53. The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant.

54. The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant

## VI. FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

55. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

56. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

57. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

58. At all relevant times, Defendants have been, and continue to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

59. 29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

60. During the period relevant to this lawsuit, Defendants classified Plaintiff as exempt from the requirements of the FLSA.

61. Despite the entitlement of Plaintiff to lawful minimum wages under the FLSA, Defendants failed to pay Plaintiff for all hours worked, as required by the FLSA.

62. Defendants knew or should have known that their actions violated the FLSA.

63. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

64. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

65. Defendants have not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

66. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of

prejudgment interest at the applicable legal rate.

### VII. SECOND CAUSE OF ACTION
(Individual Claim for Violation of the IMWL)

67. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully incorporated in this section.

68. Plaintiff asserts this claim for damages and declaratory relief pursuant to the IMWL, 820 ILCS 105/1, *et seq.*

69. At all relevant times, Defendants were Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS 105/3.

70. IMWL, 820 ILCS 105/4(a)(1) requires employers to pay all employees a lawful minimum wage.

71. Defendants failed to pay Plaintiff a hourly wage for all hours worked in a week as required by the IMWL.

72. Defendants knew or should have known that their practices violated the IMWL.

73. Defendants' conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

74. By reason of the unlawful acts alleged in this Complaint, Defendants are liable to Plaintiff for monetary damages, liquidated damages, damages of 5% of the amount of underpayment for each month following the date of payment during which such underpayments remain unpaid, costs, and a reasonable attorney's fee provided by the IMWL for all violations which occurred within the three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling. 820 ILCS 105/12.

75. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the IMWL, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VIII. THIRD CAUSE OF ACTION
### (Violation of the Chicago Wage Ordinance)

76. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

77. Plaintiff asserts this claim for damages and declaratory relief pursuant to the Chicago Wage Ordinance.

78. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the Chicago Wage Ordinance, § 6-105-010.

79. At all relevant times, Plaintiff was Defendant's "employee" within the meaning of the Chicago Wage Ordinance, § 6-105-010.

80. Section 6-105-020 of the Chicago Wage Ordinance requires employers to pay employees a lawful minimum wage as set forth in that section.

81. Defendant failed to pay Plaintiffs a lawful minimum wage for all hours worked.

82. The Chicago Wage Ordinance states that any employer who violates its provisions is liable to the employee for three times the amount of any underpayment, together with a reasonable attorney's fee and costs.

83. Plaintiff is entitled to recover an award of unpaid wages and liquidated damages as provided for by the ordinance, for a reasonable attorney's fee and costs.

## IX. FOURTH CAUSE OF ACTION
### (Individual Claim for Violation of the IWPCA)

84. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

85. At all times relevant herein, Defendant was the "employer" of Plaintiff within the meaning of the IWPCA.

86. At all times relevant herein, Plaintiff was the "employee" of Defendant within the meaning of the IWPCA.

87. Section 4 of the IWPCA states that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned." 820 ILCS 115/4.

88. Section 2 of the IWPCA defines "final compensation" as "[p]ayments to separated employees" for "wages . . . and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILCS 115/2.

89. Section 5 of the IWPCA states, "Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5.

90. Defendant did not pay Plaintiff all wages and final compensation due.

91. Section 14 of the IWPCA states, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover . . . the amount of any such underpayments and damages of

2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees." 820 ILCS 115/14.

92. Defendant knew or should have known that its actions violated the IWPCA.

93. Plaintiff is entitled to recover an award of unpaid wages and liquidated damages as provided for by the IWPCA, for a reasonable attorney's fee and costs.

### X. FIFTH CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

94. Plaintiff repeats and realleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

95. Plaintiff brings this action on behalf of himself and all other similarly situated individuals to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for unpaid wages for all the hours worked.

96. 29 U.S.C. § 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

97. Defendant misclassified Plaintiff and similarly situated employees as exempt from the requirements of the FLSA.

98. Defendant failed to pay Plaintiffs and other similarly situated employees a lawful minimum wage for all hours worked.

99. Defendant's conduct and practices, as described above, have been and are willful, intentional, unreasonable, arbitrary and in bad faith.

100. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

101. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jacob Behounek, individually and on behalf of all others similarly situated, respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. That Defendants be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all others similarly situated, and all monies paid to them;

B. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, the IMWL, the Chicago Wage Ordinance, the IWPCA and their related regulations;

C. Judgment for damages for all unpaid wages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL, the Chicago Wage Ordinance, the IWPCA and their related regulations;

D. Judgment for liquidated damages owed to Plaintiff and all others similarly situated pursuant to the FLSA, the IMWL, the Chicago Wage Ordnance, the IWPCA and their related regulations;

E. An order directing Defendants to pay Plaintiff and all others similarly situated interest, a reasonable attorney's fee and all costs connected with this action; and

F. Such other and further relief as this Court may deem just and proper.

                                                  Respectfully submitted,

**JACOB BEHOUNEK, Individually
and on Behalf of All Others
Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Colby Qualls*
Colby Qualls
Ark. Bar No. 2019246
colby@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com